IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-50444
_____


VERNON LAMAR SATTIEWHITE,

                                        Petitioner-Appellant,

                        versus

WAYNE SCOTT, Director,
Texas Department of Criminal Justice,
Institutional Division,

                                        Respondent-Appellee.

_____

        Appeal from the United States District Court for the
                    Western District of Texas
                        (SA-91-CA-1152)
_____
                        (April 20, 1995)

Before KING, JOLLY, and DeMOSS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:[*]

        Vernon Lamar Sattiewhite appeals the district court's denial
of his application for a writ of habeas corpus pursuant to 28
U.S.C. § 2254.  For the reasons set out below, we affirm the
district court's judgment.

        [*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the court has determined that this opinion
should not be published.

On the morning of June 19, 1986, Sattiewhite kidnapped and murdered his former girlfriend, Sandra Sorrell.[1]  On December 11, 1986, a jury found him guilty of capital murder.  In the separate sentencing hearing the following day, the same jury answered affirmatively the two special issues submitted pursuant to former Article 37.071(b) of the Texas Code of Criminal Procedure, thereby sentencing him to death.

Sattiewhite directly appealed to the Texas Court of Criminal Appeals, which affirmed his conviction and sentence on October 25, 1989.  Sattiewhite v. State, 786 S.W.2d 271 (Tex. Crim. App. 1989).  Sattiewhite's motion for rehearing was denied on March 28, 1990.  Id. at 271.  The Supreme Court denied certiorari on October 1, 1990.  Sattiewhite v. Texas, 111 S.Ct. 226 (1990).

Sattiewhite's execution was then scheduled for May 2, 1991.  On April 19, he initiated a state habeas proceeding.  The state court modified his execution date to November 12.  After conducting an evidentiary hearing, the state habeas court denied relief on August 7.  Based on the lower court's findings and conclusions, the Court of Criminal Appeals denied state habeas relief on November 7.

On November 8, 1991, Sattiewhite filed a federal habeas application and motion for stay of execution. Because this motion was unopposed by the state, the district court granted a stay the

---

[1]The facts and the procedure at the state court level are set out at Sattiewhite v. State, 786 S.W.2d 271 (Tex. Crim. App. 1989).

same day.  The court thereafter referred Sattiewhite's case to a magistrate judge for appropriate proceedings.  Sattiewhite amended his petition on December 13, which the state answered on April 6, 1992.  After Sattiewhite had replied, the magistrate judge recommended that habeas relief be denied.  Sattiewhite objected, and the district court recommitted the case to the magistrate judge to address Sattiewhite's objections.  On March 15, 1993, the magistrate judge conducted an evidentiary hearing on Sattiewhite's claim of juror misconduct, a claim that previously had not been addressed by the state courts.  On September 7, 1993, the magistrate judge again recommended that all relief be denied.  Sattiewhite filed his objections to this ruling on December 27, 1993.  On March 17, 1994, Sattiewhite's case was transferred to the docket of a newly appointed federal district judge, the Honorable Fred Biery.  After conducting a _de novo_ review of Sattiewhite's claims, the court entered an order on May 5, 1994, denying his petition, entered judgment in favor of the state, and vacated his stay of execution.  The court subsequently denied Sattiewhite's request for post-judgment relief, but granted his request for a certificate of probable cause to appeal.

II

Sattiewhite raises several issues on appeal, which we will address in turn.  He first requests that the district court's judgment be reviewed _de novo_, reversed, and remanded for an evidentiary hearing.  Sattiewhite contends that his sentencing jury

-3-

was precluded from considering constitutionally relevant mitigating evidence. He further alleges that he was denied effective assistance of counsel in violation of his rights under the Sixth, Eighth, and Fourteenth Amendments. Sattiewhite contends that he is presently incompetent to be executed under the Eighth and Fourteenth Amendments. Moreover, he asserts that the operative terms of the special issues of the Texas sentencing scheme are unconstitutionally vague. He claims, furthermore, that he was selectively prosecuted for capital murder. Sattiewhite also contends that the jurors were unconstitutionally given irrelevant, inaccurate, and misleading information concerning the effect of their failure to agree on the special issues. He also argues that the jury instructions precluded the jury from giving mitigating effect to evidence. Sattiewhite contends that the Texas special issues were unconstitutionally mandatory and denied him individualized sentencing consideration. Sattiewhite, moreover, argues that the trial court's charge on punishment failed to instruct the jury to consider mitigating evidence in determining the appropriate punishment. He asserts that the Texas capital sentencing statute unconstitutionally misled the jury regarding its responsibility for determining his sentence. Finally, he argues that the death penalty impermissibly infringes on his right to life.

We now direct our attention to these issues.

III

Sattiewhite first argues that the district court did not conduct a de novo review of the magistrate judge's decision because the district judge rendered his judgment within two months of his case's transfer to the district judge and because the same law clerk assisted the judges in making their decisions. This contention is without merit. De novo review refers to the deference paid to the rulings of the lower court, not the mechanics of the review. The district court, furthermore, clearly stated that it conducted an independent review of the magistrate judge's findings. None of Sattiewhite's objections to the magistrate judge's report, moreover, was based on credibility determinations or findings of relevant disputed facts. Any error, therefore, would have been harmless because all of the issues are fully reviewable by this court. Garcia v. Boldin, 691 F.2d 1172, 1180 (5th Cir. 1982). This allegation of error, therefore, is rejected.

Second, Sattiewhite argues that his sentencing jury was precluded from considering constitutionally relevant mitigating evidence because the jury had no adequate vehicle for expressing a reasoned moral response to this evidence. We find that this contention is without merit. In order for evidence to be constitutionally mitigating, a defendant must demonstrate that his crime was somehow attributable to the particular mitigating evidence presented. Graham v. Collins, 950 F.2d 1009, 1025-30 (5th Cir. 1992)(en banc), aff'd, 113 S.Ct. 892 (1993). Sattiewhite

presented evidence that he was afflicted with certain personality disorders at the time of the murder, but did not attribute his crime to these disorders. Because Sattiewhite did not attempt to rely on the evidence as constitutionally mitigating at trial, he is not entitled to recharacterize the evidence in this habeas proceeding. <u>Delo v. Lashley</u>, 113 S.Ct. 1222, 1225 (1994); <u>Lackey v. Scott</u>, 28 F.3d 486, 490 (5th Cir. 1994). This contention, therefore, is meritless.

Sattiewhite next argues that he was denied effective assistance of counsel under the Sixth, Eighth, and Fourteenth Amendments because his counsel did not adequately present mitigating evidence and failed to pursue an insanity defense. To prevail on this claim, Sattiewhite must demonstrate both (1) deficient performance by counsel and (2) resulting prejudice. <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). Sattiewhite must prove these elements by a preponderance of the evidence. <u>Martin v. Maggio</u>, 711 F.2d 1273 (5th Cir. 1983). We evaluate attorney performance from the attorney's perspective at the time of the trial. <u>Ellis v. Lynaugh</u>, 873 F.2d 830, 839 (5th Cir. 1989). To satisfy the prejudice prong, Sattiewhite must show a reasonable probability that, absent counsel's unprofessional errors, the result of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 694, 104 S.Ct. at 2068. A reasonable probability is one sufficient to undermine confidence in the outcome. <u>Id.</u>

Sattiewhite has failed to shoulder his burden on this claim. The state habeas proceeding found that his trial counsel had adequately represented him. "The state court's findings are entitled to a presumption of correctness under 28 U.S.C. § 2254(d)." Garrett v. Collins, 951 F.2d 57, 59 (5th Cir. 1992). His trial counsel reasonably investigated his mental condition and background and abandoned the insanity defense as a matter of trial strategy. Sattiewhite's counsel hired an independent psychiatrist to examine him on the issues of sanity and competency. His counsel, furthermore, interviewed Sattiewhite's family members and provided these names to the psychiatrist. The conclusions of the psychiatrists left trial counsel with no basis for pursuing an insanity defense because they diagnosed Sattiewhite with mental disorders, not mental defects, and stated that he was not insane at the time of the offense or trial. Sattiewhite, therefore, has failed to demonstrate both deficient performance by counsel and resulting prejudice. Accordingly, this claim is denied.

Sattiewhite next argues that under the Eighth and Fourteenth Amendments that he is presently incompetent to be executed. In order to be adjudged competent to be executed, the prisoner must understand (1) the nature of the proceedings against him, (2) that the State is seeking to execute him, and (3) the reasons the State is seeking this penalty. Garrett, 951 F.2d at 59. Although Sattiewhite presented evidence regarding his mental state at the

state habeas proceeding, he offered no evidence relevant to the Garrett inquiry. We deny this claim.

Sattiewhite contends that the operative terms of the special issues of the Texas sentencing scheme are unconstitutionally vague. Specifically, he complains that the terms "deliberately," "probability," "criminal acts of violence," "continuing threat," and "society" are vague to such a degree that reasonable jurors are likely to interpret and apply them very differently. He also argues that in the light of Johnson v. Texas, 113 S.Ct. 2658 (1993), that the Texas sentencing scheme operates as a weighing scheme, so that this court must ensure that the jurors are adequately instructed regarding the limitations on the application of aggravating circumstances. He asserts that these statutory terms, combined with the court's refusal to impose a limiting instruction, did not properly channel the sentencer's discretion.

This argument is without merit. In James v. Collins, 987 F.2d 1116 (5th Cir.), cert. denied, 114 S.Ct. 30 (1993), we rejected the argument that these terms are unconstitutionally vague. Moreover, the Texas sentencing scheme was upheld in Johnson because the special issues generally allow the jury adequately to consider mitigating evidence. Johnson, 113 S.Ct. at 2669. Moreover, the Johnson Court did not indicate that Texas's scheme is a "weighing" scheme. Id. at 2670. To the contrary, this contention was clearly rejected in James. James, 987 F.2d at 1120. This claim is denied.

Sattiewhite next argues that he was selectively prosecuted for capital murder. He contends that the District Attorney's office sought vindication for Sandra Sorrell's murder because on the day before the murder it had failed to issue a protective order for Sorrell against Sattiewhite. He also argues that the murder charge was upgraded because of the perceived "innocence of the victim."

To establish a prima facie case of unconstitutional selective prosecution, a defendant must show that (1) he has been singled out for prosecution although others similarly situated who have committed the same acts generally have not been prosecuted, and (2) the selectivity is unconstitutionally invidious. United States v. Ramirez, 765 F.2d 438, 439-40 (5th Cir. 1985), cert. denied sub nom., Perpignand v. United States 474 U.S. 1063 (1986).

The magistrate judge found that these claims were unfounded. Sattiewhite, furthermore, is foreclosed from objecting to these findings because he did not specifically object to any of the magistrate judge's findings of fact, conclusions of law, or analysis on this point. Rodriquez v. Bowen, 857 F.2d 275, 277 (5th Cir. 1988). Appellate review of the magistrate judge's findings is foreclosed except in cases of plain error or manifest injustice, id., neither of which we find in this case.

Sattiewhite contends that the jurors were unconstitutionally given irrelevant, inaccurate, and misleading information concerning the effect of their failure to agree on the special issues. There is no doubt that the trial court misstated Texas law when, during

voir dire, it stated that if the jury could not reach agreement on the special issues, a mistrial would be declared.[2]  The Supreme Court has reminded us, however, that "the fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief."  Estelle v. McGuire, 502 U.S. 62, 71-72, 112 S.Ct. 475, 482 (1991).  Moreover, "the only question for us is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'"  Id. (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)).  The misstatement in this case, made during voir dire, does not rise to the level of a constitutional violation.  This argument, therefore, is without merit.

Sattiewhite next argues that the jury instructions precluded the jurors from giving mitigating effect to his evidence, in violation of his rights under the Sixth, Eighth, and Fourteenth Amendments.  Specifically, he finds fault with the manner in which the trial court instructed the jurors to answer the special issues. The trial court instructed the jurors that "[i]f ten or more jurors vote "no" as to any special issue, then the answer of the jury is "no" regarding that special issue." Sattiewhite contends that this instruction on answering the special issues with "yes" or "no"

---

[2]Article 37.071(g) of the Texas Code of Criminal Procedure provides that neither the court nor any of the attorneys may inform a "juror or prospective juror of the effect of failure of the jury to agree on an issue submitted under this article."  Furthermore, article 37.071(e) provides that the jury's failure to agree on an issue requires a life sentence, not a mistrial.

-10-

precluded jurors from registering dissent against the death penalty because any single juror who believed that Sattiewhite merited a life sentence could not answer "no" to a special issue.

Sattiewhite fails to point out, however, that the court clarified its instructions by stating that if less than twelve jurors voted "yes" or less than ten jurors voted "no" to a special issue, there would be no answer to that special issue. The special issues, therefore, gave each of the jurors an opportunity to give effect to Sattiewhite's evidence and, therefore, register a dissent against the death penalty. Accordingly, Sattiewhite cannot demonstrate a reasonable likelihood that the jury interpreted the instruction in a manner that precluded consideration of mitigating evidence. See Boyde v. California, 494 U.S. 370, 380-81, 110 S.Ct. 1190, 1198 (1990). This claim, therefore, is without merit.

Sattiewhite contends that the Texas special issues are unconstitutionally mandatory, thereby denying him individualized sentencing consideration because the death sentence was mandatory when the jury affirmatively answered the two special issues. He argues that the special issue questions failed to allow full jury consideration of his particularized mitigating evidence, thereby depriving him of an individualized sentencing proceeding. Specifically, he contends that the jury could not give effect to his evidence of mental illness, intoxication, emotional instability, drug abuse, troubled childhood, remorse, and love of family.

The state argues that to the extent that Sattiewhite claims that the Texas capital sentencing scheme is facially unconstitutional, this claim is squarely foreclosed by Jurek v. Texas, 428 U.S. 262, 267-69, 96 S.Ct. 2950, 2954-55 (1976). This argument is correct. Accordingly, this aspect of his claim is without merit.

Moreover, Texas's second special issue satisfies the Eighth Amendment because the mitigating value of constitutionally relevant evidence, as actually proffered at trial, was within "the effective reach" of the jury because they could not have reasonably considered themselves foreclosed from considering the mitigating evidence. Johnson v. Texas, 113 S.Ct. 2658, 2669-70. Because this mitigating evidence was within the effective reach of the jury under the Texas special issues, this claim is without merit.

Sattiewhite next attacks his sentence by arguing that the trial court never informed the jury that it was required by law to consider his mitigating evidence, citing Blystone v. Pennsylvania, 494 U.S. 299, 110 S.Ct. 1078 (1990). He says that a trial court's failure to give this instruction on mitigating evidence fails to satisfy the Eighth Amendment. Id.; Spivey v. Zant, 661 F.2d 464, 474 (5th Cir. 1981), cert. denied, 458 U.S. 1111 (1982).

Sattiewhite misreads both Blystone and Spivey. Blystone does not require that the trial court give a special instruction on mitigating evidence. Blystone, 110 S.Ct. at 1083-84. Instead, it states that the "requirement of individualized sentencing in

-12-

capital cases is satisfied by allowing the jury to consider all relevant mitigating evidence." Id. at 1083. Furthermore, the court in Spivey specifically recognized that Texas's special issues allow the jury to consider mitigating evidence without a special instruction. Spivey, 661 F.2d at 471 & n.10. Because he could not demonstrate that a "major mitigating thrust of the evidence [proffered in mitigation of punishment] is substantially beyond the scope of any issues," he is not entitled to additional instructions on mitigating evidence. Graham v. Collins, 950 F.2d 1009, 1026-27 (5th Cir. 1992). This claim, therefore, is without merit.

Sattiewhite next contends that the structure of the special issues eliminated from the sentencing process both the judge's and the jury's sense of responsibility for sentencing him, in contravention to Caldwell v. Mississippi, 472 U.S. 320 (1985). Accordingly, he argues, the judge and jury never realized the gravity of their actions.

This claim is evaluated by determining "whether under all the facts and circumstances, including the entire trial record, the state has misled the jury regarding its role under state law to believe that the responsibility for determining the appropriateness of the defendant's death rests elsewhere." Sawyer v. Butler, 881 F.2d 1273, 1286 (5th Cir. 1989). Sattiewhite made no specific objections to the magistrate judge's findings on this issue. Furthermore, the magistrate judge's finding that the state did not mislead the jury is supported by the record. We find at least five

instances in which the jury was reminded that their decision would determine the sentence of death or life imprisonment.

Considering the record as a whole, it appears that the jury could not have been mistaken as to the importance of its role in determining Sattiewhite's fate. The jury clearly knew that although the special issues did not explicitly impose the death penalty, affirmative answers to the special issues would result in a death sentence for Sattiewhite. As for the judge, it is frivolous in the extreme to argue that he did not realize his awesome responsibility in determining Sattiewhite's sentence when he conducted the entire trial. This claim, therefore, is without merit.

Finally, Sattiewhite argues that imposition of the death penalty impermissibly violates his fundamental right to life as guaranteed by the Fifth and Fourteenth Amendments. Moreover, he asserts that this right to life cannot be infringed unless such infringement withstands strict scrutiny. Sattiewhite does not demonstrate how the death penalty per se violates either the Fifth or the Fourteenth Amendments, and neither does he cite any authority for this proposition. Likewise, the classification of capital defendants as a suspect class cannot be regarded as a serious contention. Gray v. Lucas, 677 F.2d 1086, 1104 (5th Cir. 1982), cert. denied, 461 U.S. 910, 103 S.Ct. 1886 (1983). Criminal statutes are generally measured by a "rational relation" standard. Arceneaux v. Treen, 671 F.2d 128, 131-32 (5th Cir.

1982).  Under this standard, the death penalty serves permissible state goals.  This claim, accordingly, is without merit.

                                    IV

     For the foregoing reasons, the judgment of the district court is AFFIRMED.  Sattiewhite's stay of execution is VACATED.

                                        AFFIRMED and VACATED.

KING, Circuit Judge, specially concurring:


     I concur in the judgment of this court.